No. 3523.

## JOSEPH VIGO vs. GEORGE MORRILL.

Appeal from Civil District Court, Division "E."

A. J. Villere for Plaintiff and Appellee.

E. K. Skinner, for Defendant and Appellant.

1. Where plaintiff tenders a title which he acquired, one-half from a surviving spouse in community and the other half by subsequent proper judicial proceedings from the minor heirs of the deceased spouse in community, and it is neither alleged or shown that there are any community debts of said spouses the title, still be held good and valid.

2. There is nothing in the jurisprudence of this State which prevents the surviving spouse from disposing of his interest in the community subject to the debts and charges of the community.

3. It was not the duty of the purchaser of the minor's interest to follow or account for the former price given by him for the interest of the minors in this property.

4. Nothing in the record shows that this was a promise to sell with the giving of "earnest money."

ESTOPINAL, J. ·The defendant failing and refusing to comply with a written agreement to purchase property, the plaintiff takes this proceeding to compel defendant to accept the title tendered, and to comply with the terms of the agreement.

Defendant, admitting the agreement to purchase, objects to the title tendered on the ground that plaintiff's vendor, A. A. Gaines, acquired the property in question during the community which first opening the succession of his deceased wife, he sold his undivided half in the property to Joseph Vigo, the plaintiff in this suit. The record shows further, that A. A. Gaines, some months subsequent to the sale of his undivided interest to Joseph

75

Vigo opened the succession of his wife, qualified as Natural Tutor of his minor son and in due course, with the advice of a family meeting, sold the minor's portion of the property to the same purchaser, Joseph Vigo.

It appears that this latter proceeding was perfectly regular and no attack or complaint is made upon it further than that the minor child in question, who is yet a minor and whom the defendant produced as a witness in this case, claims that he has never had an accounting or settlement for his share of the proceeds of the sale made pursuant to the family meeting and order of Court.

With this we are not concerned as the Tutor is bound to give an accounting of his administration at the expiration of the tutorship and that time has not come.

The only question which presents itself for adjudication is whether the plaintiff's vendor had the legal right to dispose by sale of his portion of the community property without first causing the opening of the succession of his wife and causing the whole of said property to be sold to effect a partition between him and the heir of his said wife. "There is nothing in the jurisprudence of this State which prevents the surviving spouse from disposing of his or her part of the community property, subject to the debts and charges of the community." 42 A., 179.

In the instant case the record discloses nothing indicating that the community is burdened with debts nor does the defendant allege the existence of any, but he urges that the minor child never received any benefit from the sale of the minor's portion, and this brings up the question, "is the minor a community creditor."

The question must be answered in the negative.

In the case of Thompson vs. Vance, 110th, La., page 26, several points identical with those involved here were passed upon by the Supreme Court saying, "the right of community creditors and the right of minor heirs against their tutor arising from the tutorship, are absolutely separate and totally distinct and independent; the former is in the nature of a property right, the latter is a personal

one reinforced by the security of mortgage.

It is well and firmly settled that the surviving spouse has the right to alienate his or her part of the community even before the opening of the succession, taking of inventory and consequent registry of mortgage in minor's favor.

There being no such mortgage here, there is no danger from an attack by the minor, and he, not occupying the same position as a community creditor. and there being no creditor's, the title tendered is safe from attack in any direction and is valid and good.

In his pleadings and brief defendant alleges the promise to sell with the giving of earnest and seeks to avail himself of Article 2463 C. C. We fail to find in the record any evidence showing that there was earnest given and this phase of the case will not be considered.

The objection of the defendant to the title tendered him is not good, and so the lower Court held. Affirmed.

December 27th, 1904.

———————o———————

## No. 3545.

(Court of Appeal, Parish of Orleans.)

